**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:24-cv-8-MOC-SCR**

| | | |
|---|---|---|
| **BRENT J. KELLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **CITY OF CHARLOTTE, NORTH** | ) | |
| **CAROLINA, MARCUS D. JONES, and** | ) | |
| **JASON M. SCHNEIDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

       **THIS MATTER** is before the Court on Defendants City of Charlotte, North Carolina, Marcus D. Jones, and Jason M. Schneider's Motion to Dismiss, (Doc. No. 22), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 29), recommending that this Court grant in part and deny in part Defendants' motion.[1] The parties have not filed objections to the M&R and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

### I.      BACKGROUND

       Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

### II.     STANDARD OF REVIEW

       A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo

---

[1] This matter was assigned to the undersigned judge on July 23, 2025.

1

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead mu st 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record, and having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 29), is **ADOPTED**; and

2. Defendants' Motion to Dismiss, (Doc. No. 22), is **GRANTED in part and DENIED**

**in part**.

Signed: July 31, 2025

Max O. Cogburn Jr.
United States District Judge